**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Regenia Baines, | No. CV-20-01124-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron's Incorporated, | |
| Defendant. | |

In the Joint Proposed Final Pretrial Order, Plaintiff Regenia Baines ("Plaintiff") identified six witnesses who "will" or "may" be called to testify during her case-in-chief at trial. (Doc. 32 at 7-8.) In response, Defendant Aaron's, Inc. ("Defendant") asserted that three of those witnesses—Emily Fletcher, Patty Reid, and an unnamed representative of Genesys Telecommunications Laboratories—should be precluded from testifying "on non-disclosure grounds." (*Id.* at 7-8 nn. 1, 2, and 4.) When the Court became aware of this unresolved dispute, it authorized Defendant to file a formal motion to exclude the three witnesses. (Doc. 38.) The motion is now fully briefed (Docs. 40, 41, 42) and neither side has requested oral argument. For the following reasons, Defendant's motion is granted.

## RELEVANT BACKGROUND

In June 2020, Plaintiff initiated this action by filing the complaint. (Doc. 1.) In a nutshell, Plaintiff alleges that Defendant placed a series of harassing phone calls to her, and also made a series of harassing visits to her home, in an effort to "collect an alleged debt that her ex-husband owed for a computer he purchased from Defendant." (*Id.* ¶¶ 10-

27.)   The complaint specifically alleges that "Defendant . . . spoke[] with Plaintiff's neighbors during these visits to her home" and that Plaintiff suffered emotional distress in part because "Defendant's repeated harassment . . . [was] made visible to all her neighbors and anyone who should pass by."  (*Id.* ¶¶ 23, 39.)   Based on these factual allegations, Plaintiff asserts two claims: (1) a claim under the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), which is premised on the phone calls (*id.* ¶¶ 28-34); and (2) a state-law claim for "intrusion of seclusion," which is based on the visits to her home (*id.* ¶¶ 35-44).

In August 2020, Plaintiff served Defendant with her initial disclosure statement. (Doc. 40-1.)  In the portion of the statement requiring the disclosure of "each individual likely to have information that bears significantly on the claims or defenses," Plaintiff only identified (1) herself and (2) the unspecified "[e]mployees and representatives of Defendant" who participated in the phone calls and home visits.  (*Id.* at 1.)

In September 2020, the parties filed their Rule 26(f) report.  (Doc. 16.)  In the report, Plaintiff stated that her claim for emotional distress damages was based in part on the fact that her neighbors had observed the home visits: "Defendant even went as far as to talk to some of Plaintiff's neighbors causing her great embarrassment."  (*Id.* at 3.)

In October 2020, the Court issued the Rule 16 scheduling order.  (Doc. 19.)  It set a mid-October 2020 deadline for "making the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)," set a deadline of April 30, 2021 for the completion of fact discovery, and included a warning—in a portion of the order entitled "The Deadlines Are Real"—that "[t]he Court intends to enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly."  (*Id.* at 1, 2, and 7.)

It appears the parties took a hands-off approach to the discovery process.  It is undisputed that Plaintiff never amended or supplemented the initial disclosures she provided in August 2020.  (Doc. 40 at 2; Doc. 41 at 3 [admitting that "Plaintiff's counsel did not list Emily Fletcher or Patty Reid in her Rule 26 disclosures"]; Doc. 41-1 ¶ 14 [same].)  Additionally, "Defendant never noticed . . . or took the deposition of Plaintiff"

and "never served discovery requests upon Plaintiff at all." (Doc. 41-1 ¶¶ 9, 12.)

On August 20, 2021—nearly four months after the close of fact discovery—the parties exchanged drafts of the Joint Proposed Final Pretrial Order. (Doc. 40-2.) During this process, Plaintiff identified Fletcher, Reid, and an unnamed Genesys representative as potential witnesses. Fletcher was described as "the adult daughter of [Plaintiff] who was present at the time of many of [Defendant's] in-person collection attempts and present for some of the telephone calls where [Plaintiff] told [Defendant] to stop calling" and Reid was described as "a neighbor of [Plaintiff] who observed several of [Defendant's] in-person collection attempts . . . [and] observed how distraught the in-person collection efforts caused [Plaintiff] to be." (Doc. 32 at 7.) This was the first time Plaintiff identified Fletcher and Reid by name. (Doc. 40 at 2; Doc. 41-1 ¶ 14.) When Defendant became aware of Plaintiff's plan to call these witnesses at trial, it immediately objected. (Doc. 40-2 at 1.)

On August 24, 2021, the Court held the Final Pretrial Conference. (Doc. 38.) At the conclusion of the hearing, the Court set a briefing schedule concerning Defendant's challenge to the three witnesses. (*Id.*)

On August 31, 2021, Defendant filed the pending motion to exclude. (Doc. 40.)

On September 7, 2021, Plaintiff filed a response. (Doc. 41.)

On September 10, 2021, Defendant filed a reply. (Doc. 42.)

## DISCUSSION

I.  Legal Standard

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

Rule 37(c)(1) of the Federal Rules of Civil Procedure specifies the consequences for violating Rule 26(a)'s duty of disclosure. It provides that "[i]f a party fails to provide

information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  This rule "'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed."  *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011), *superseded by rule on other grounds as recognized in Shrader v. Papé Trucks, Inc.*, 2020 WL 5203459, *2 n.2 (E.D. Cal. 2020).

"The party requesting sanctions [under Rule 37] bears the initial burden of establishing that the opposing party failed to comply with the [applicable] disclosure requirements."  *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017).  If the movant makes this showing, "[t]he party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."  *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).  When evaluating substantial justification and harmlessness, courts often consider (1) prejudice or surprise to the other party, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) willfulness or bad faith.  *Silvagni*, 320 F.R.D. at 242.

"Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence," such that "litigants can escape the 'harshness' of exclusion only if they prove that the discovery violations were substantially justified or harmless."  *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citation omitted).  Nevertheless, "[t]he automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e) . . . .  Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless."  *Id.* (citation omitted).  The "party facing sanctions under [Rule 37(c)(1)] bears the burden of showing that a sanction other than exclusion is better suited to the circumstances."  *Id.* at 741.  "[A] noncompliant party must 'avail himself

1   of the opportunity to seek a lesser sanction' by formally requesting one from the district

2   court." *Id.* (citation omitted).

3   II.      The Parties' Arguments

4          Defendant contends that Fletcher, Reid, and the Genesys representative should be

5   precluded from testifying because "none of these witnesses were timely disclosed," "[t]he

6   first time their names popped up in this case in any capacity was during conferral regarding

7   the Final Pretrial Order, and even now, there hasn't been any disclosure of these witnesses

8   or what, specifically, their testimony will be."  (Doc. 40 at 1.)  According to Defendant,

9   the disclosure violation wasn't substantially justified (because Plaintiff knew from the

10  outset that the undisclosed individuals "would be important witnesses") or harmless

11  (because remedying the violation would require re-opening discovery on the eve of trial).

12  (*Id.* at 3-4.)

13         In response, Plaintiff "waives the right to call a representative of Genesys as a

14  witness at trial" (Doc. 41 at 1 n.1) but disputes whether Fletcher and Reid should be

15  excluded.  Although Plaintiff acknowledges that she failed to disclose Fletcher and Reid in

16  her Rule 26(a) disclosures, she argues this "was not a strategic decision or part of a

17  Machiavellian plot, but an oversite [sic] as a result of the regrettable use of form

18  disclosures."  (*Id.* at 6.)  Plaintiff contends the violation was harmless because she

19  emphasized, in both the complaint and Rule 26(f) report, that her neighbors' testimony

20  would be important to her claims.  (*Id.* at 4-5.)  In a related vein, Plaintiff faults Defendant

21  for taking "zero steps" during the discovery process "to inquire as to the nature of their

22  testimony."  (*Id.*)  Finally, Plaintiff contends that any prejudice to Defendant can be

23  eliminated by "[l]imiting the time of testimony of each witness to no more than 30 minutes

24  of direct examination per witness," "[l]imiting the scope of testimony for both witnesses

25  to a known and agreed upon set of topics," and/or "[i]n lieu of Ms. Fletcher and Ms. Reid

26  testifying live in the Courtroom, . . . taping trial testimony of those witnesses before trial .

27  . . and allowing defense counsel an opportunity to seek preclusion of specific testimony

28  [Defendant] finds objectionable/outside the scope of topics."  (*Id.* at 5.)

1    In reply, Defendant argues that Plaintiff has essentially conceded the disclosure

2    violation wasn't justified, so the only disputed issue is harmlessness, and argues that

3    Plaintiff's proposals would not cure the harm because "taking depositions and [engaging

4    in] litigation over deposition designations is not harmless." (Doc. 42 at 3.) Defendant also

5    contends that Plaintiff's proposals are "not fair" because "Plaintiff cannot submit form

6    disclosures with no information, then still use undisclosed information at trial on the basis

7    that the parties can conduct rapid discovery limited to these witnesses. Frankly, it would

8    make more sense to completely reopen discovery and lose the trial date than allow

9    Plaintiff's cherry-picked discovery, given that [Defendant's] litigation strategy was

10   informed by Plaintiff's disclosures." (*Id.* at 3-4.)

11   III.   <u>Analysis</u>

12   The exclusion analysis here is neither close nor difficult. Under Rule 26(a)(1)(A)(i),

13   Plaintiff was required to disclose Fletcher, Reid, and the Genesys representative as

14   potential witnesses. She failed to do so. Thus, unless Plaintiff can establish that the

15   disclosure violation was substantially justified or harmless, exclusion is warranted under

16   Rule 37(c)(1).

17   Plaintiff makes no effort to make the required showing as to the Genesys

18   representative. Thus, Defendant's motion as to the Genesys representative is granted.

19   As for Fletcher and Reid, the disclosure violation was not substantially justified.

20   Plaintiff repeatedly emphasized, in both the complaint and Rule 26(f) report, that her claims

21   turned, at least in part, on the fact that neighbors had witnessed the alleged harassment she

22   was enduring. Accordingly, this isn't a situation where the need for a particular witness's

23   testimony was unknown at the time of the Rule 26(a) disclosures and only came to light as

24   the case progressed. Additionally, Fletcher is Plaintiff's daughter and was living with her

25   at the time of the events in question. Thus, this isn't a situation where the identity of a key

26   witness was somehow unknown at the time of the Rule 26(a) disclosures. *Cf. Cramton v.*

27   *Grabbagreen Franchising LLC*, 2020 WL 7075232 (D. Ariz. 2020) (no substantial

28   justification for failing to disclose, until the final day of the discovery period, a witness

1    who lived with the disclosing party and was a percipient witness to the key event in the

2    case).

3        In Plaintiff's view, the obvious relevance of Fletcher's and Reid's testimony is a

4    reason why her failure to disclose them should be viewed as harmless—indeed, she faults

5    Defendant for not doing more to learn their identities, and inquire about the nature of their

6    expected testimony, during the discovery process.  This argument amounts to improper

7    burden-shifting.  The "duty to disclose extends to witnesses that the other party already

8    knows of," and "other parties should be able to rely on the disclosures when making their

9    own discovery decisions.  For example, a party might rationally choose not to depose a

10    person known to have knowledge if no other party has listed him or her as a potential

11    witness." 1 Gensler, Federal Rules of Procedure, Rules and Commentary, Rule 26, at 779-

12    780 (2021).  As one court put it: "[I]t's one thing to know that a person's name is out there

13    [but] it's another thing to know that the other side is intending to call him as a witness.

14    That's why we have Rule 26(a) disclosures." *Morris v. BNSF Railway Co.,* 969 F.3d 753,

15    765 (7th Cir. 2020) (citation omitted).

16        The bottom line is that it was Plaintiff's burden, under Rule 26(a)(1), to disclose

17    Fletcher and Reid as witnesses.  When Plaintiff failed to do so, Defendant was entitled to

18    infer that Plaintiff wouldn't be calling Fletcher and Reid as witnesses at trial and to shape

19    its discovery strategy accordingly.  That is exactly what happened here.

20        The proposals discussed in Plaintiff's response brief would not cure the harm caused

21    by her discovery violation.  One proposal would effectively involve the reopening of fact

22    discovery on the eve of trial, so Fletcher and Reid could provide videotaped testimony that

23    might be offered into evidence at trial after further litigation.  This would be too disruptive

24    and expensive to qualify as harmless.  *Ollier v. Sweetwater Union High Sch. Dist.*, 768

25    F.3d 843, 862-63 (9th Cir. 2014) ("After disclosures of witnesses are made, a party can

26    conduct discovery of what those witnesses would say on relevant issues, which in turn

27    informs the party's judgment about which witnesses it may want to call at trial, either to

28    controvert testimony or to put it in context.  Orderly procedure requires timely disclosure

so that trial efforts are enhanced and efficient, and the trial process is improved.  The late disclosure of witnesses throws a wrench into the machinery of trial.  A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans.  And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension.  This in turn threatens whether a scheduled trial date is viable.  And it impairs the ability of every trial court to manage its docket."); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well.  Disruption to the schedule of the court and other parties in that manner is not harmless.  Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.").  Plaintiff's other proposals would deprive Defendant of its right to depose Fletcher and Reid.  This wouldn't be harmless, either.  *Cf. Hill v. U.S. Dep't of Homeland Sec.*, 570 F. App'x 667, 669 (9th Cir. 2014) (concluding that "Hill's late disclosure of approximately 35 witnesses . . . was not harmless" in part because "it deprived the government of the opportunity . . . to depose those witnesses").

Accordingly,

**IT IS ORDERED** that Defendant's motion to exclude (Doc. 40) is **granted**.

Dated this 13th day of September, 2021.

Dominic W. Lanza
United States District Judge

- 8 -